**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**

**VERSUS**

**CHRISTOPHER G. WAGUESPACK**

**CRIMINAL ACTION**

**NO. 16-58-JWD-RLB**

## RULING AND ORDER

This matter comes before the Court on the *Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* ("*§ 2255 Motion*") (Docs. 186, 190), brought by Petitioner Christopher Waguespack[1] ("Petitioner"). The Government has filed the *United States' Opposition to Defendant's 28 U.S.C. § 2255 Motion* ("*Opposition*") (Doc. 197). For the reasons stated below, the Court denies Petitioner's *§ 2255 Motion*.

I.     **BACKGROUND**

Petitioner was indicted on June 15, 2016, for two counts of distribution of child pornography in violation of Title 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of Title 18 U.S.C. § 2252A(a)(5)(B). (Doc. 1 at 1–2.) A superseding indictment was filed on November 16, 2016, containing the same charges but amending the dates of the first count. (Doc. 32 at 1.) On October 13, 2017, the Court granted the Government's motion to dismiss without prejudice Count Two, which charged Petitioner with one count of distribution of child pornography. (Doc. 110.) After a three-day jury trial beginning on October 16, 2017, (Docs. 115–117), the jury returned a guilty verdict as to Counts One and Three[2] on October 19, 2017, (Docs. 118–119). Petitioner was sentenced to 180 months for the two counts, to run

---

[1] To facilitate administrative and filing ease, Petitioner Christopher Waguespack's Reg. No. is #08452-095.
[2] After Count Two was dismissed before trial, Count Three was referred to throughout trial and in the judgment as Count Two.

concurrently, with a ten-year term of supervised release for the two counts, to run concurrently. (Doc. 143 at 2–3.) This sentence was below the guideline range pursuant to the Court's determination that a downward variance was warranted. (Doc. 144 at 3.) The Court came to this determination based on the totality of the circumstances, including a consideration of Petitioner's mental health issues. (*Id.* at 4.) The Court considered Petitioner's psychiatric evaluation, which discussed his history of active-duty service in the United States Army and his rescue work during Hurricane Katrina, both of which the psychiatrist determined impacted his mental health. (*Id.*)

After his sentencing, Petitioner appealed to the Fifth Circuit. (Doc. 145.) On August 15, 2019, the Fifth Circuit affirmed the judgment of this Court. (Doc. 169.) *United States v. Waguespack*, 935 F.3d 322 (5th Cir. 2019). The Fifth Circuit found that the Government had provided sufficient evidence of knowing distribution and knowing possession such that a "rational juror could have found guilt beyond a reasonable doubt." *Waguespack*, 935 F.3d at 332 (quoting *United States v. Hoffman*, 901 F.3d 523, 541 (5th Cir. 2018) (quotation omitted)); that there was no plain error violation of Petitioner's Sixth Amendment right under the Confrontation Clause with respect to the admission of the downloaded materials, *id.* at 334; that the Government's rebuttal remarks as to the absence of a witness were not improper, and even if they had been, the jury instructions as to the Government's burden were curative, *id.* at 335; and that the Government did not violate Petitioner's rights by not disclosing the grand jury transcripts, *id.*

With respect to Petitioner's sentence, the Fifth Circuit found that the two-level obstruction of justice enhancement was procedurally reasonable, and that Petitioner had failed to demonstrate that the Court had clearly erred in applying the enhancement, *id.* at 335–36; and that Petitioner's sentence, which was below the guideline range, was objectively reasonable and the Court had not

abused its discretion in the sentencing, *id.* at 336–37. Petitioner then filed a petition for a writ of certiorari, which was denied on January 13, 2020. (Doc. 170.)

Petitioner filed an *Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)* on July 22, 2022, (Doc. 172), which the Court denied without prejudice for lack of jurisdiction due to Petitioner's failure to exhaust his administrative remedies on September 21, 2020, (Doc. 181). Petitioner appealed this order, (Doc. 182); the Fifth Circuit dismissed the appeal upon Government's motion on January 28, 2021, (Doc. 194).

On January 6, 2021, Petitioner filed the pending *§ 2255 Motion*. (Doc. 186.) A virtually identical *§ 2255 Motion* was filed with the Court on January 15, 2021. (Doc. 190.) The second *§ 2255 Motion* was, unlike the January 6, 2021, *§ 2255 Motion*, signed by Petitioner and dated January 7, 2021. (Doc. 190 at 16.) Given that these two documents are otherwise identical, the Court will refer to these two documents collectively as the *§ 2255 Motion*. The Government filed its *Opposition* on February 19, 2021. (Doc. 197.) Petitioner then filed two replies, (Docs. 198 and 199), which are again virtually identical except for Petitioner's signature affixed to the later filing, (Doc. 199 at 8–9). The Court will refer to these two filings collectively as the *Reply*.

## II.   PARTIES' ARGUMENTS

### A.   Petitioner's *§ 2255 Motion*

In his *§ 2255 Motion*, Petitioner asserts nine grounds for relief. Seven of these are ineffective assistance of counsel claims, (Doc. 190 at 6–12); one is merely a claim of cumulative error as to the previous ineffective assistance of counsel claims, (*id.* at 12). The other two claims are, first, that he was denied his Sixth Amendment right to counsel due to an unspecified conflict of interest on the part of his attorney, (*id.* at 11), and second, that his First, Fourth, Fifth, Sixth, and Eighth Amendment Rights were violated, (*id.* at 12).

First, Petitioner claims that he received ineffective assistance of counsel in the plea process, arguing that had he been fully advised "as to all facts and law relevant to his decision to plead guilty[,] . . . there is a reasonable probability that [he] would have pleaded guilty and/or nolo contendere and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a Fed.R.Crim.P [sic] 11(c)(1)(C) agreement which substantially reduced his sentence exposure." (*Id.* at 6.)

Second, Petitioner claims that his trial counsel "failed to investigate or present available, material, exculpatory evidence and testimony at trial and failed to timely object to the unlawful admission of evidence by the prosecution." (*Id.* at 7.)

Third, Petitioner claims that his trial counsel failed to fully advise him as "to his decision whether to testify at trial[,] [m]ore specifically,  . . . that he had a right to testify at trial *and* that the determination as to whether to testify was ultimately [Petitioner]'s to make—not the attorney's." (*Id.*) Petitioner claims that had he received more complete advice, "there is a reasonable probability" that he would have taken the stand "and directly rebutted the allegations of the indictment and the prosecution's evidence." (*Id.* at 7–8.)

Fourth, Petitioner claims that his trial counsel "failed to timely request appropriate jury instructions and to timely object to insufficient instructions." (*Id.* at 8.) He asserts that his counsel "failed to timely object to improper argument by the prosecution" in closing arguments "and/or to timely ask for curative instructions for the improper argument." (*Id.*)

Fifth, Petitioner claims that his counsel "failed to investigate or present available evidence and legal authority material to [his] sentencing." (*Id.* at 9.) He argues that his counsel "failed to object to[] unlawful, false and unreliable evidence used to determine [Petitioner]'s guideline sentencing range and ultimate sentence." (*Id.*)

4

Sixth, Petitioner claims that his appellate counsel "failed to investigate or present the strongest issues available to [Petitioner] for his direct appeal." (*Id.* at 10.)

Seventh, Petitioner claims that he was denied his Sixth Amendment right to counsel because, he asserts, his "counsel labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, trial, sentencing[,] and direct appeal process in this case." (*Id.* at 11.) He argues, without stating any facts, that his counsel "owed a 'duty' other than to [Petitioner]" which "was in conflict with the duty owed to [Petitioner]." (*Id.*)

Eighth, Petitioner reiterates his ineffective assistance of counsel claims stated above in arguing a cumulative claim, asserting that he was prejudiced by cumulative errors or deficiencies at the pretrial, plea, trial, sentencing, and direct appeal stages. (*Id.* at 12.) He provides no additional details. (*See id.*)

Finally, Petitioner asserts that his conviction and sentence are in violation of multiple Constitutional Amendments, specifically the First, Fourth, Fifth, Sixth, and Eight Amendments. (*Id.*) He claims that his "Right To Freedom Of Speech And To Petition, His Right To Be Free Of Unreasonable Search and Seizure, His Right to Due Process Of Law, His Rights To Counsel, To Jury Trial, To Confrontation Of Witnesses, To Present A Defense, And To Compulsory Process, And His Right To Be Free Of Cruel And Unusual Punishment" were all violated. (*Id.* at 13.) Petitioner provides no factual basis for any of these claims.

## B.    Government's *Opposition*

In response, the Government argues that Petitioner's arguments are conclusory and at times contradictory, such that the Court should deny them without a hearing. (Doc. 197 at 1, 3.)

The Government first addresses Petitioner's assertion that he would have pleaded guilty had his trial counsel properly advised him. (*Id.* at 5.) The Government argues that Petitioner has

not pled sufficient facts to warrant relief on this claim because he has not stated what it is that his counsel failed to tell him that, had he known it, would have led him to plead guilty. (*Id.* at 6.) In addition, the Government asserts that in the sentencing memorandum, defense counsel "noted that [Petitioner] declined a Rule 11(c)(1)(C) plea agreement because his 'mental illnesses made him irrational and stubborn' and those traits 'contributed to his decision to go to trial and handicapped his ability to accept responsibility.'" (*Id.* at 7.) The Government argues that at no point in sentencing did Petitioner acknowledge full responsibility or remorse for the crimes for which his was convicted, which undermines his argument that he would have pled guilty. (*Id.* at 7–8.)

The Government similarly points to his third claim in this *§ 2255 Motion*, in which Petitioner asserts that "had he testified in his own defense, he would have 'directly rebutted the allegations of the indictment and the prosecution's evidence.'" (*Id.* at 8 (quoting Doc. 190 at 7–8).) The Government also disputes that Petitioner could have earned a point reduction for acceptance of responsibility or received a lower sentence for a guilty plea absent a Rule 11(c)(1)(C) agreement. (*Id.*) Likewise, the Government argues that there is no evidence that either the Government or the Court would have accepted any guilty plea absent a stipulation to factual guilt, such as the *nolo contendere* plea Petitioner references in his *§ 2255 Motion*. (*Id.* at 9.) Finally, the Government asserts that it would be able to show at an evidentiary hearing "that defense counsel advised [Petitioner] to take the plea offer, but he rejected it." (*Id.* at 10.)

Next, the Government addresses Petitioner's failure to investigate claim. (*Id.*) As with Petitioner's first claim, it asserts that he has failed to plead sufficient facts: specifically, here, that Petitioner "does not explain what evidence should have been brought in or kept out." (*Id.*) Consequently, the Government urges the Court to deny this claim as conclusory. (*Id.* at 11.)

The Government then proceeds to Petitioner's failure to testify claim. (*Id.*) It asserts that Petitioner again fails to include necessary details, here, "what he would have said at trial." (*Id.*) The Government argues that Petitioner's "bare assertion that he was not informed of his personal right to testify by counsel (under the penalty of perjury)" is insufficient to require an evidentiary hearing. (*Id.* at 12.) In addition, the Government argues that "there are several facts that suggest that [Petitioner] knew that he had a personal right to testify but chose not to exercise it." (*Id.* at 13.) The Government points to Petitioner's criminal history, as well as the Court's colloquy with Petitioner's trial counsel about the possibility of Petitioner testifying at trial. (*Id.* at 14.) The Government argues that Petitioner, hearing this, "must have known that he had the opportunity to testify." (*Id.*) Likewise, the Government points to Petitioner's trial counsel's conference with Petitioner about "any evidence" the defense might present before closing as further proof that Petitioner was consulted and chose not to testify. (*Id.* at 14–15.) Finally, the Government notes that Petitioner did not raise these allegations until "more than three years after the trial." (*Id.* at 15.) As a result, it asserts that he has failed to show any deficiency on the part of his trial counsel. (*Id.*)

In addition, the Government argues that Petitioner "has not alleged facts that show prejudice." (*Id.* at 11.) It notes that he has not stated what he would have said on the stand to rebut the evidence against him, and it argues that had he done so, it would have undermined his assertion that he would potentially "have pled guilty and received a reduced sentence." (*Id.* at 15–16.) The Government argues that absent additional facts, Petitioner fails to show prejudice. (*Id.* at 16.)

Next, the Government turns to Petitioner's jury instructions claim. (*Id.* at 17.) It argues that Petitioner's claim is, once again, too vague—he "does not explain what instruction (or instructions) should have been given, what objections should have been made, and what about the United States' argument was improper." (*Id.* at 18.) The Government also asserts that Petitioner's trial "counsel

did propose jury instructions[]" and was "active during the arguments about what instructions were appropriate." (*Id.*) The Government notes that "[d]efense counsel objected to an instruction requested by the United States that it deemed to be inappropriate[,]" which the Court agreed with, and requested multiple changes to the instructions, one of which the Court agreed with and one of which the Court rejected. (*Id.*)

The Government addresses Petitioner's claim as to the Government's closing argument, noting that although the Court agreed with the Government, Petitioner's defense counsel objected and preserved the issue for appeal. (*Id.* at 18–19.)

The Government then addresses Petitioner's assertion that his counsel failed to investigate or present available evidence and legal authorities at sentencing, as well as his claim that his counsel failed to object to evidence used to determine the guideline range and sentence. (*Id.* at 19.) Again, the Government argues that this is a mere conclusory allegation. (*Id.*) The Government notes that the Court imposed a sentence below the Guidelines range, which the Government argues would make it difficult to prove prejudice. (*Id.* at 19–20.) In addition, the Government points to the objections and arguments Petitioner's counsel made both at sentencing and on appeal as to the obstruction of justice enhancement, the substantive reasonableness of the sentence, and the supervised release conditions, all of which were affirmed by the appellate court. (*Id.* at 20.)

The Government turns next to Petitioner's claim "that his appellate counsel was ineffective for failing to 'investigate or present the strongest issues available' on direct appeal." (*Id.* (quoting Doc. 190 at 10).) The Government argues that this too is vague, and furthermore that appellate counsel is not required to raise every nonfrivolous claim. (*Id.* at 21.) Instead, the Government asserts, Petitioner must show that some issue was in fact clearly stronger than the issues his appellate counsel did present in order to prevail, which he has not done. (*Id.*)

8

Likewise, the Government argues that Petitioner's actual conflict claim is vague because Petitioner "does not explain what the conflict was, how it adversely affected the lawyer's performance, to whom they owed duties, and what act constituted a choice between these duties." (*Id.*) As a result, it argues that this claim should be denied as a conclusory allegation. (*Id.* at 22.)

The Government next addresses Petitioner's cumulative error claim, noting that Petitioner "must first show that there are at least two constitutional errors (or at least two instances of constitutionally deficient performance)[]" in order to assert cumulative error. (*Id.*) Absent such a showing, the Government argues, he cannot claim cumulative error, so this claim too ought to be denied. (*Id.* at 23.)

Finally, the Government addresses Petitioner's claim of constitutional errors. It argues that here too, Petitioner's assertions are conclusory. (*Id.*) The Government asserts that he "has done little more here than list several constitutional rights and state that they were violated." (*Id.*) As the Government acknowledges, Petitioner asserts "that this ground is intended 'to protect the record for [Petitioner] in the event of a change in law or new facts or circumstances which come to light during the litigation of this motion.'" (*Id.* (citing Doc. 190 at 15).) However, the Government argues, such a change in circumstances would require an amendment to Petitioner's *§ 2255 Motion*, which the Court would have the discretion to grant or deny. (*Id.*)

The Government argues that these "barebones allegations" are not sufficient to "show a reasonable probability that [Petitioner] would have been acquitted, would have received a lesser sentence, or would have prevailed on appeal." (*Id.* at 24.) The Government therefore asks the Court to deny the *§ 2255 Motion*.

**C.    Petitioner's *Reply***

In his *Reply*, Petitioner argues that he has asserted "highly specific facts" in his claim for ineffective assistance of counsel in the plea process. (Doc. 199 at 2.) He asserts that he "was offered a Fed.R.Crim.P. [sic] 11(c)(1)(C) plea agreement of 7-9 years incarceration. The offer included a waiver of appeal rights." (*Id.* at 3.) He states that he "understood this waiver precluded [him] from challenging whatever sentence was imposed in any way at any time. This misunderstanding was the reason that [he] rejected the plea offer." (*Id.*) Furthermore, Plaintiff asserts that he "was never advised that [he] would still be able to challenge [his] sentence at sentencing" if he accepted the plea offer, and he claims that had he been so advised, he would have accepted the plea offer and pleaded guilty rather than going to trial. (*Id.* at 4.)

In addition, Petitioner argues that the Government has used "extra-record material" to rebut his allegations, (*id.* at 6–7), presumably referring to the email presented by the Government from defense counsel referring to the plea negotiations, (Doc. 197-1 at 1). As a result, Petitioner argues, he is entitled to an evidentiary hearing. (Doc. 199 at 6–7.)

Petitioner does not address any of the Government's other arguments or present any further facts.

## III.  LEGAL STANDARDS

### A.  *Pro Se* Litigants

Courts construe *pro se* litigants' pleadings liberally, holding them to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). *Accord Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013); *Butler v. Porter*, 999 F.3d 287, 292 (5th Cir. 2021). *Pro se* litigants, however, "must still brief the issues and reasonably comply" with the relevant rules of civil procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)); see *Coleman v. Lincoln Parish Det. Ctr.*,

858 F.3d 307, 309 n.10 (5th Cir. 2017) (citing *United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986)). Likewise, "even for *pro se* plaintiffs . . . 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice' to state a claim for relief." *Coleman*, 858 F.3d at 309 (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

**B.     Title 28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 permits a federal prisoner to file a motion to vacate, set aside, or correct a sentence on the grounds that (1) "the sentence was imposed in violation of the Constitution or laws of the United States," (2) "the court was without jurisdiction to impose such sentence," (3) "the sentence was in excess of the maximum authorized by law," or (4) the sentence "is otherwise subject to collateral attack." § 2255(a). That said, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). Instead, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994) (quoting *United States v. Perez*, 952 F.2d 908, 909 (5th Cir. 1992)).

A petitioner "may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (quoting *Frady*, 456 U.S. at 168 (1982)). Except in "'extraordinary' cases involving 'manifest miscarriages of justice,'" *Shaid*, 937 F.2d at 232 (citing *Smith v. Murray*, 477 U.S. 527, 537 (1986); *Murray v. Carrier*, 477 U.S. 478, 496 (1986)), a collateral attack requires showing both "cause and actual prejudice [] even when [] alleg[ing] a fundamental constitutional error," *id.* (citing *Murray*, 477 U.S. at 493).

Motions filed under § 2255 are subject to a one-year statute of limitations:

> The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2255(f).

"A § 2255 movant is entitled to a hearing '[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief' on his underlying claims." *United States v. McDaniels*, 907 F.3d 366, 370 (5th Cir. 2018) (quoting § 2255(b)). However, if the motion, files, and records conclusively show that the petitioner is not entitled to relief, the petitioner is not entitled to a hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (citing *United States v. Smith*, 844 F.2d 203, 208 (5th Cir. 1988) (per curiam); *United States v. Raetzsch*, 781 F.2d 1149, 1152 (5th Cir. 1986)).

### C.    Ineffective Assistance of Counsel

Under *Strickland v. Washington*, an ineffective assistance of counsel claim requires showing (1) that "counsel's performance was deficient because it fell below an objective standard of reasonableness" and (2) "that the deficient performance prejudiced the defense." *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023) (citing *Strickland*, 466 U.S. 668, 689–94 (1984)).

## IV.    ANALYSIS

### A.    Petitioner's *§ 2255 Motion* Is Timely

12

Petitioner was required to file this *§ 2255 Motion* within a year of the date on which the judgment of conviction became final. In cases where a writ of certiorari has been sought, "[f]inality attaches when [the Supreme] Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari[.]" *Clay v. United States*, 537 U.S. 522, 527 (2003) (collecting cases); *see United States v. Wheaten*, 826 F.3d 843, 846 (5th Cir. 2016) (citing *Clay*, 537 U.S. at 527). Petitioner sought a writ of certiorari, which was denied on January 13, 2020. (Doc. 170.) Petitioner then filed this *§ 2255 Motion* on January 6, 2021, (Doc. 186), or, for the signed and dated version, on January 7, 2021, (Doc. 190). Either way, this was within the one year of Petitioner's judgment of conviction becoming final, and his *§ 2255 Motion* is therefore timely.

### B.    Petitioner's Ineffective Assistance of Counsel Claims

To claim ineffective assistance of counsel, Plaintiff must allege both deficiency and prejudice. *United States v. Lincks*, 82 F.4th 325, 330 (5th Cir. 2023) (citing *Strickland*, 466 U.S. at 689–94). "A failure to establish either prong defeats the claim." *Id.* (citing *Strickland*, 466 U.S. at 697.) A claim of deficiency requires an allegation that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" *id.* at 331 (quoting *Strickland*, 466 U.S. at 687), which "entitles a criminal defendant to reasonable, but not perfect, representation of counsel," *United States v. Valdez*, 973 F.3d 396, 404 (5th Cir. 2020). This representation, under *Strickland*, requires merely "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688.

In addition to deficiency, a showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

The Court will address Petitioner's ineffective assistance of counsel claims in four categories: claims regarding his plea, claims regarding his trial, claims regarding his sentencing, and claims regarding his direct appeal. As a preliminary note, the Court acknowledges that Petitioner's pleadings are, as a whole, conclusory allegations lacking any statements of fact. *See Coleman*, 858 F.3d at 309 (quoting *Taylor*, 296 F.3d at 378).

> **a.  Plea**

First, Plaintiff claims that his defense counsel was ineffective because, he asserts, had he been fully advised "as to all facts and law relevant to his decision to plead guilty[,] . . . there is a reasonable probability that [he] would have pleaded guilty and/or nolo contendere and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a Fed.R.Crim.P [sic] 11(c)(1)(C) agreement which substantially reduced his sentence exposure." (Doc. 190 at 6.) In his *Reply*, Plaintiff clarifies this claim, stating that his defense counsel did not advise him that he would "still be able to challenge [his] sentence at sentencing" if he accepted the plea offer. (Doc. 199 at 4.) He asserts that if he had been so informed, he would have accepted the plea offer rather than going to trial. (*Id.*)

Petitioner also argues that the Government has rebutted his allegations on this claim with "extra-record material," (*id.* at 6–7), presumably referring to an email the Government presents from defense counsel stating "I wish he would have taken my advice and taken the plea offer[,]" (Doc. 197-1 at 1.) However, this email says nothing about any advice defense counsel may have given or not given to Petitioner on the specific issue in dispute—Petitioner's ability to challenge his sentence despite waiving his right to appeal in a plea deal. (*See id.*) Because this email does not speak to the content of any advice defense counsel may have given Petitioner on this issue, it is irrelevant to the point Petitioner seeks to dispute.

"[T]he negotiation of a plea bargain is a critical phase of litigation for purposes of the Sixth Amendment right to effective assistance of counsel." *Padilla v. Kentucky*, 559 U.S. 356, 373 (2010). "[T]he Sixth Amendment protects against, and remedies, the rejection of favorable plea offers for want of effective assistance of counsel." *United States v. Rivas-Lopez*, 678 F.3d 353, 357 (5th Cir. 2012) (citing *Lafler v. Cooper*, 566 U.S. 156, 164 (2012)). However, establish a claim for ineffective assistance of counsel on these grounds, Petitioner must still meet the two prongs of the *Strickland* test—that is, he must show both "that counsel's performance fell below an objective standard of reasonableness and that there is a reasonable probability that but for counsel's poor performance the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 688, 694). To meet the prejudice grounds here, Petitioner "must show that 'but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *Id.* (quoting *Lafler*, 566 U.S. at 164).

Petitioner here has not shown any deficiency on the part of his trial counsel with respect to his plea deal. He has alleged alternately that he "understood" that a waiver of appeal rights would preclude him from challenging his sentence and that he "was never advised" that he would be able to challenge his sentence at sentencing. (Doc. 199 at 3–4.) Petitioner appears to be conflating appeals and sentencing objections. A plea agreement may include a provision waiving the right to appeal or collaterally attack the sentence. *See* Fed. R. Crim. P. 11(b)(1)(N). At the time Petitioner was sentenced, the Fifth Circuit had not ruled on whether a defendant who had sentencing

15

agreement pursuant to a Rule 11(c)(1)(C) plea agreement might retain any right to challenge the sentence as substantively unreasonable. *United States v. Gonzalez*, 62 F.4th 954, 958–59 (5th Cir. 2023). However, regardless of whether a sentencing results from a guilty plea, including one pursuant to Rule 11(c)(1)(C), or a conviction at trial, a defendant retains the right to object to the presentence report at sentencing. *See* Fed. R. Crim. P. 32(f). Objections to the presentence report are not the same as a challenge to the sentence, and again, the right to challenge the sentence on appeal or as a collateral attack may be waived as part of a plea deal. *See* Fed. R. Crim. P. 11(b)(1)(N). Given these nuances, Petitioner has not presented any facts to this Court to support his allegation that his counsel was deficient with respect to the advice he provided at the plea stage.

Even had Petitioner presented facts as to deficiency, he has not shown any prejudice on this claim. Petitioner asserts that had he been advised differently at the plea stage, he might have "pleaded guilty and/or nolo contendere and/or proceeded to a bench trial on stipulated facts and/or would have pleaded to a Fed.R.Crim.P [sic] 11(c)(1)(C) agreement which substantially reduced his sentence exposure." (Doc. 190.) However, the standard for prejudice here is that "'but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.'" *Rivas-Lopez*, 678 F.3d at 357 (quoting *Lafler*, 566 U.S. at 164). Petitioner's assertions that he might have pleaded *nolo contendere* or proceeded to a bench trial on stipulated facts are therefore irrelevant. Petitioner has presented no facts to indicate to the Court that there is a reasonable probability he would have accepted a plea requiring him to acknowledge guilt and responsibility. As the Court noted at

Petitioner's sentencing, Petitioner at no point accepted responsibility. (Doc. 161 at 30.) Petitioner apologized to the Court and the Government for "any undue burden" he may have put them through, and he apologized to his family. (*Id.* at 15.) He did not acknowledge any wrongdoing on his own part. (*See id.*) Nor has he done so in this filing, and indeed has maintained that had he taken the stand in his own defense, he would have rebutted the allegations and evidence against him. (Doc. 190 at 7–8.) Petitioner has not, therefore, shown a reasonable probability that he would have accepted the plea—nor that the Court would have accepted it absent an admission of guilt.

Petitioner also has not provided the Court with any of the terms of the plea agreement. In his reply, Petitioner alleges that the proffered plea agreement was for seven to nine years incarceration, but he provides nothing to substantiate this allegation. (Doc. 199 at 3.) Consequently, Petitioner has not shown a reasonable probability that its terms would have been less severe than those imposed. *See Lafler*, 566 U.S. at 164. Petitioner has failed to show both deficiency and prejudice as to his claim that his counsel was ineffective at the plea stage. Accordingly, this ineffective assistance of counsel claim fails.

### b.      Trial

Next, the Court will address Petitioner's claims regarding his counsel at trial. Petitioner claims he received ineffective assistance of counsel at trial on a number of grounds. He claims that his trial counsel "failed to investigate or present available, material, exculpatory evidence and testimony[,]" (Doc. 190 at 7), "failed to timely object to the unlawful admission of evidence by the prosecution[,]" (*id.*), failed to advise him "that he had a right to testify at trial *and* that the determination as to whether to testify was ultimately [Petitioner]'s to make[,]" (*id.*), "failed to timely request appropriate jury instructions and to timely object to insufficient instructions[,]" (*id.* at 8), and finally, "failed to timely object to improper argument by the prosecution" in closing

arguments "and/or to timely ask for curative instructions for the improper argument[,]" (*id.*) Petitioner presents no facts as to any of these claims.

### i.    Failure to Investigate

Petitioner claims that his trial counsel "failed to investigate or present available, material, exculpatory evidence and testimony at trial." (*Id.* at 7.) He does not identify what this evidence or testimony might be.

"An attorney has a duty to independently investigate the charges against his client." *Bower v. Quarterman*, 497 F.3d 459, 467 (5th Cir. 2007) (citing *Wiggins v. Smith*, 539 U.S. 510, 524 (2003)). "*Strickland* explains that if an investigation is incomplete, a court should weigh that incompleteness only to the extent that 'reasonable professional judgments support the limitations on the investigation' because 'counsel has a duty to make . . . a reasonable decision that makes particular investigations unnecessary.'" *Id.* Here, Petitioner provides no specific factual allegations as to the completeness of his counsel's investigation. As a result, he provides no basis upon which the Court can evaluate his claims of failure to investigate for either deficiency or prejudice. Because Petitioner provides only conclusory allegations, his failure to investigate ineffective assistance of counsel claim fails.

### ii.    Failure to Object

To the extent Petitioner may be referring to objections to evidence that were raised on appeal, the Court rejects these claims. "[O]nce a claim is raised and adjudicated on direct appeal," a petitioner "cannot re-raise the claim under § 2255 absent a change in law." *United States v. Davis*, 971 F.3d 524, 531 (5th Cir. 2020) (citing *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986)). As the Fifth Circuit has noted, an issue decided "'on direct appeal when [a] conviction was affirmed . . . . [i]t may not be resurrected and urged anew[]'" in a § 2255 motion. *United States v.*

*Rodriguez*, 821 F.3d 632, 634 (5th Cir. 2016) (quoting *United States v. McCollum*, 664 F.2d 56, 59 (1981); citing *United States v. Goudeau*, 512 F. App'x 390, 393 (5th Cir. 2013) (stating that the law-of-the-case doctrine "applies to issues decided by necessary implication" as well as those explicitly decided)).

To the extent that Petitioner is raising any new issues here, the Court again notes that in order to show ineffective assistance of counsel, Petitioner must show both deficiency and prejudice. *Strickland*, 466 U.S. at 689–94. As the Government points out, Petitioner has not informed the Court what evidence or testimony he is arguing his trial counsel failed to object to, investigate, or present. (Doc. 197 at 10.) "'A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial.'" *United States v. Fields*, 761 F.3d 443, 461 (5th Cir. 2014) (quoting *Trottie v. Stephens*, 720 F.3d 231, 243 (5th Cir. 2013)) (cleaned up). Petitioner has not done so. He has not, therefore, shown any error on the part of his counsel or any reasonable probability that the result of the proceeding would have been different had his counsel objected to, investigated, or presented this evidence. *See Strickland*, 466 U.S. at 687, 694.

### iii.    Right to Testify

Likewise, Petitioner has pled no facts with respect to his claim that his attorney did not fully advise him as to his right to testify and to decide whether to testify. (Doc. 190 at 7–8.) He alleges simply that had he known that the decision was ultimately his, he might have taken the stand "and directly rebutted the allegations of the indictment and the prosecution's evidence." (*Id.*)

"The right to testify is a fundamental right," *Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007) (citing *Rock v. Arkansas*, 483 U.S. 44, 50, 52 (1997)), "that is personal to the defendant; therefore, only the defendant can waive that right, voluntarily and knowingly," *id.* (citing *Emery*

*v. Johnson*, 139 F.3d 191, 198 (5th Cir.1997)). "[C]ounsel cannot override the ultimate decision of a defendant who wishes to testify contrary to counsel's advice." *Id.* (citing *United States v. Mullins*, 315 F.3d 449, 453 (5th Cir. 2002)). However, "[a] defendant who argues that his attorney prevented him from testifying must still satisfy the two prongs of *Strickland*[.]" *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005).

As the Government points out, there is record evidence of defense counsel consulting with Petitioner about his right to testify. (Doc. 197 at 14–15.) First, in a colloquy with the Court on the headphones, the Court asked, "we don't know whether the Defendant will or will not testify, but if you call witnesses, who is going to be on your side? Who are your witnesses?" (Doc. 158 at 249.) Defense counsel responded, "I don't believe we're going to call anyone. We're still deciding on the Defendant, but I don't believe we're calling any additional witnesses." (*Id.*) Later, the Court asked defense counsel if he had "any evidence that we're going to put on when the jury . . . returns?" (Doc. 159 at 177.) Defense counsel asked the Court for "a moment to talk with my client[,]" after which he informed the Court that defense intended to rest when the jury returned. (*Id.*) Although this is, at best, circumstantial, it indicates that defense counsel consulted with his client about his choice to not take the stand prior to resting. Petitioner does not plead any specific facts or present any evidence to the contrary. (Doc. 190 at 7–8.) Insofar as defense counsel may have advised Petitioner not to testify—without overriding his ultimate decision—the Fifth Circuit analyzes "counsel's decision on whether a defendant will testify as part of counsel's trial strategy." *Mullins*, 315 F.3d at 453. Absent further factual pleadings, Petitioner has failed to show any deficiency in his counsel's actions at trial with respect to Petitioner's right to testify.

Even had he shown any deficiency, Petitioner has not shown any prejudice. The Fifth Circuit has previously stated that a Petitioner's "self-serving conclusory statement that his

testimony would have resulted in an acquittal, standing alone, falls far short of satisfying *Strickland*'s prejudice element." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001). In addition, the Fifth Circuit has said that where there is "overwhelming evidence of [Petitioner]'s guilt, we cannot conceive of anything [Petitioner] could have said that would have provided *any* reasonable possibility of a different outcome." *Id.* Petitioner here provides nothing more than a conclusory statement that his testimony would have resulted in a different outcome, despite overwhelming evidence against him. (Doc. 190 at 7–8.) This is insufficient to show prejudice. Petitioner has failed to show either deficiency or prejudice with respect to his right to testify, ineffective assistance of counsel claim.

### iv.    Jury Instructions and Closing Arguments

Next, Petitioner asserts that his trial counsel was ineffective because he "failed to timely request appropriate jury instructions and to timely object to insufficient instructions[,] . . . to timely object to improper argument by the prosecution" in closing arguments, "and/or to timely ask for curative instructions for the improper argument." (*Id.* at 8.) Once again, Petitioner provides no further factual basis for his claims. He does not identify what jury instructions his attorney should have requested, what instructions his attorney should have objected to, or what curative instructions his attorney should have requested. (*See id.*)

Again, to the extent these issues were raised on appeal, the Court rejects them at the § 2255 stage. *See Davis*, 971 F.3d at 531; *Rodriguez*, 821 F.3d at 634. The Fifth Circuit held that the Government's remarks at closing were not improper and that, even had they been so, "the jury instructions relating to the Government's burden were curative." *Waguespack*, 935 F.3d at 335. Petitioner cannot raise these issues once again in his *§ 2255 Motion*.

To the extent any of these are new arguments, the Court notes that Petitioner's defense counsel filed *Defendant's Proposed Jury Instructions* (Doc. 92) prior to trial, which are drawn wholly from the Fifth Circuit Pattern Jury Instructions. Defense counsel raised an objection at the initial jury charge conference, which the Court agreed with, as well as a correction, which the Court made. (Doc. 158 at 7–9.) In addition, Petitioner's defense counsel raised an objection to the Court with respect to the jury instructions prior to closing arguments, which the Court denied. (Doc. 159 at 181.) Petitioner has therefore failed to show any deficiency with respect to his counsel's performance regarding the jury instructions.

Even had he done so, Petitioner has not shown any prejudice. This Court agreed with the objections made by defense counsel at the initial jury charge conference, (Doc. 158 at 7–9), but overruled the objection made by defense counsel at the final jury charge conference, (Doc. 159 at 181). The Fifth Circuit held that the jury instructions as given were curative as to any impropriety in the Government's closing remarks. *Waguespack*, 935 F.3d at 335. Petitioner has pled no facts allowing the Court to conclude that there is any possibility, let alone a reasonable probability, that the outcome would have been different had his counsel behaved differently with respect to the jury instructions. Petitioner has therefore failed to show ineffective assistance of counsel on this claim.

      c.        **Sentencing**

Petitioner has, once again, failed to present any factual basis for his claim that his counsel failed to "investigate or present available evidence and legal authority material to" his sentencing and "to object to[] unlawful, false and unreliable evidence used to determine [Petitioner]'s guideline sentencing range and ultimate sentence." (Doc. 190 at 9.)

Again, to the extent these claims attempt to revive Petitioner's arguments on appeal, the Court rejects them. *See Davis*, 971 F.3d at 531; *Rodriguez*, 821 F.3d at 634. The Fifth Circuit found

22

that Petitioner's sentence was substantively reasonable and that this Court had not clearly erred in applying the obstruction of justice enhancement. *Waguespack*, 935 F.3d at 335–36.

To the extent Petitioner raises new claims, these are not aligned with the factual record in the case. Petitioner's counsel at sentencing filed multiple objections: both factual, to contents of the pre-sentence report, and to legal, to the two-level obstruction of justice enhancement. (Doc. 137.) Defense counsel also filed a sentencing memorandum containing extensive background research into circumstances that might warrant a lower sentence for Petitioner, (Doc. 139), which the Court cited at sentencing, (Doc. 161 at 31–32). In addition, defense counsel moved for a downward departure, (Doc. 140), which again the Court cited at sentencing, (Doc. 161 at 32–33). Petitioner has therefore shown no deficiency on the part of his counsel.

In addition, Petitioner has shown no prejudice. The Court imposed a sentence below the guideline range, in large part due to the actions of Petitioner's counsel. (*See* Docs. 31–33.) Absent any objections or sentencing memoranda, Petitioner could have faced a guideline range of 262 to 327 months imprisonment. (Doc. 144 at 1.) Instead, he received 180 months. (*Id.* at 2.) Petitioner has failed to show any prejudice. His ineffective assistance of counsel claim therefore fails with respect to his sentencing.

### d.      Appeal

Petitioner next argues that he received ineffective assistance of counsel on appeal because, he asserts, his appellate counsel "failed to investigate or present the strongest issues available to [Petitioner] for his direct appeal." (Doc. 190 at 10.) Petitioner does not identify what alternative issues he believes his counsel should have raised. (*See id.*)

"Effective appellate counsel should not raise every nonfrivolous argument on appeal, but rather only those arguments most likely to succeed." *Davila v. Davis*, 582 U.S. 521, 533 (2017)

(citing *Smith v. Murray*, 477 U.S. 527, 536 (1986)). "Appellate counsel is responsible for making 'solid, meritorious arguments *based on directly controlling precedent*.'" *United States v. Massey*, 79 F.4th 396, 401 (5th Cir. 2023) (quoting *United States v. Conley*, 349 F.3d 837, 841 (5th Cir. 2003) (emphasis added by *Massey*)). "Declining to raise a claim on appeal, therefore, is not deficient performance unless that claim was plainly stronger than those actually presented to the appellate court." *Davila*, 582 U.S. at 533 (citing *Smith v. Robbins*, 528 U.S. 259, 288 (2000)); *accord. United States v. Valas*, 40 F.4th 253, 260 (5th Cir. 2022).

Petitioner has not shown what claim he believes his counsel should have presented on appeal, much less that it was plainly stronger than those his counsel did present on appeal. He has therefore not shown any deficiency, and because he has not asserted what claims, if any, should have been raised, he has also not shown any prejudice. Petitioner's claim that he received ineffective assistance of counsel on appeal is likewise fails.

### e.      Petitioner's Cumulative Errors Claim

Finally, Petitioner asserts that he was prejudiced by cumulative errors or deficiencies at the pretrial, plea, trial, sentencing, and direct appeal stages. (Doc. 190 at 12.) He provides no additional details, and the Court has not found that any of his previous claims of ineffective assistance of counsel are supported either by his pleadings or by the record.

The Fifth Circuit's "clear precedent indicates that ineffective assistance of counsel cannot be created from the accumulation of acceptable decisions and actions." *United States v. Hall*, 455 F.3d 508, 520 (5th Cir. 2006). Where there is no error, "there can be no cumulative error." *United States v. Fields*, 761 F.3d 443, 483 (5th Cir. 2012). Here, the Court has found no merit to any of Petitioner's previous ineffective assistance of counsel claims. Accordingly, his cumulative errors ineffective assistance of counsel claim fails.

### C.    Petitioner's Other Claims

#### a.    Petitioner's Claim of Conflict

In addition to these claims, Petitioner asserts broadly that his "counsel labored under an actual conflict of interest which adversely affected their performance during the pretrial, plea, trial, sentencing[,] and direct appeal process in this case." (Doc. 190 at 11.) He alleges that his counsel "owed a 'duty'" in conflict to the duty owed to him. (*Id.*) Petitioner does not explain what he means by this or provide any additional facts. He asserts, however, that he was denied his Sixth Amendment right to counsel as a result of this conflict. (*Id.*)

This is at best conclusory. Petitioner has not alleged any facts that could lead the Court to find any Sixth Amendment violation.

#### b.    Petitioner's Constitutional Claims

Finally, Petitioner asserts a litany of Constitutional violations. (Doc. 190 at 12.) He alleges that his First Amendment rights to freedom of speech and freedom of petition; his Fourth Amendment right to be free of unreasonable search and seizure; his Fifth Amendment right to due process; his Sixth Amendment rights to counsel, jury trial, confront witnesses, present a defense, and to compulsory process; and his Eight Amendment right to be free of cruel and unusual punishment were all violated. (*Id.* at 13.) Petitioner claims that he is asserting these rights in order to "protect the record" in the event of future changes to law, or in the event that new facts or evidence come to light. (*Id.* at 15.) Like each of the previous claims, these are conclusory allegations at best. In addition, Petitioner fails to provide any reason why he did not raise these issues on direct appeal. "[A] collateral challenge may not do service for an appeal." *Frady*, 456 U.S. at 165. Instead, "Section 2255 provides recourse only 'for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised on direct appeal

and would, if condoned, result in a complete miscarriage of justice.'" *Smith*, 32 F.3d at 196 (quoting *Perez*, 952 F.2d at 909). In order to allege any one of these issues in a collateral attack, Petitioner must either show (1) that there has been a "manifest miscarriage of justice" or (2) both cause for his failure to raise the issues on appeal and prejudice resulting from the errors he alleges. *Shaid*, 937 F.2d at 232 (internal citations omitted). He has not shown either a manifest miscarriage of justice or cause and prejudice. Petitioner may not, therefore, raise these issues in a collateral attack.

## V. CONCLUSION

Accordingly, Petitioner Christopher Waguespack's *Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Docs. 186, 190) is **DENIED**. Petitioner has failed to show "transgressions of constitutional rights" or "other injur[ies] that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *Smith*, 32 F.3d at 196. He has furthermore failed to show either cause or prejudice for the errors he alleges.

Because the Court finds that Petitioner makes no substantial showing of the denial of a Constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Clerk of Court is **DIRECTED** to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing.

Signed in Baton Rouge, Louisiana, on <u>March 27, 2025</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

26